[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-14174

Non-Argument Calendar

_____

ROBIN GOWERS,
Natural Person and Consumer,

                                        Plaintiff-Appellant,

*versus*

PODS ENTERPRISES, INC.,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:21-cv-03200-JPB

_____

Before JORDAN, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Robin Gowers, pro se, appeals the dismissal of her amended complaint against PODS Enterprises, Inc., for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). We affirm.

## I.

Gowers filed a complaint against PODS Enterprises, Inc., seeking damages for alleged violations of the Fair Debt Collection Practices Act (FDCPA) and the Fair Credit Reporting Act (FCRA).[1] Although Gowers's amended complaint contained almost no factual allegations, she appeared to contend that PODS was liable for assigning a debt to a debt collector, Caine & Weiner Company, Inc., which in turn reported the debt to a credit reporting agency. Based on the documents attached to her complaint, the debt was assigned to Caine & Weiner in late 2016, and although Gowers claimed that she paid the debt in full in 2017, Caine & Weiner continued to report it to credit reporting agencies until Gowers filed a complaint with the Consumer Financial Protection Bureau in 2021.

---

[1] Gowers's amended complaint also referred to the Truth in Lending Act (TILA) and the Equal Credit Opportunity Act (ECOA), but she did not allege any facts supporting a claim that PODS violated either of those statutes, and she does not argue on appeal that her complaint stated a claim under either TILA or ECOA. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (issues not briefed on appeal are deemed abandoned).

After receiving the CFPB complaint, Caine & Weiner ceased its collection efforts and stopped reporting the debt.

Because Gowers was proceeding in forma pauperis, the district court referred the complaint to a magistrate judge for review pursuant to 28 U.S.C. § 1915. *See* 28 U.S.C. § 1915(e)(2)(B). The magistrate judge issued a report and recommendation recommending that the complaint be dismissed for failure to state a claim. The magistrate also notified Gowers that she could object to the report and recommendation within 14 days after receiving it, and that the failure to file a timely objection would result in a waiver of the right to appeal the factual and legal conclusions in the report and recommendation.

Almost a month later, having received no objection from Gowers, the district court adopted the magistrate's report and recommendation and dismissed the complaint for failure to state a claim. On appeal, Gowers contends that the magistrate's report and recommendation was delayed in the mail, and that although she filed objections to the report once she received it, the district court clerk's office lost her objections. Construing her appeal brief liberally, she argues that the district court erred by dismissing her complaint without giving her an opportunity to address the deficiencies identified by the magistrate judge. She also appears to argue that her amended complaint stated a claim against PODS under the FDCPA and the FCRA.

## II.

We generally review a district court's sua sponte dismissal under § 1915(e)(2)(B) de novo. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). But when the dismissal is based on the factual and legal conclusions in a magistrate judge's report and recommendation, the plaintiff waives the right to challenge those conclusions on appeal if she fails to file timely objections despite being informed of the deadline for objecting and the consequences on appeal for failing to object. 11th Cir. R. 3-1. Notwithstanding this waiver, we may review the dismissal for plain error if necessary in the interests of justice. *Id.* To establish plain error, the appellant must show that the lower court (1) made an error, (2) that was plain, (3) that affected the appellant's substantial rights, and (4) that "seriously affects the fairness, integrity, or public reputation of a judicial proceeding." *Brough v. Imperial Sterling Ltd.*, 297 F.3d 1172, 1179 (11th Cir. 2002).

## III.

When a plaintiff proceeds in forma pauperis, the district court must dismiss her complaint if it "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A sua sponte dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Mitchell*, 112 F.3d at 1490. To survive under that standard, a complaint must allege sufficient facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). To state a facially plausible

claim, the plaintiff must plead facts that allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## A.

To the extent that Gowers argues that the district court erred by dismissing her complaint prematurely, we disagree. Because Gowers was proceeding in forma pauperis, the district court was required to dismiss her case "at any time" if it determined that her complaint failed to state a claim for relief. 28 U.S.C. § 1915(e)(2). In its order granting Gowers's motion to proceed in forma pauperis, the magistrate judge warned Gowers of this requirement, notified her—in detail—of the deficiencies in her initial complaint, explained what was required to state a plausible claim for relief, and instructed her to file an amended complaint. The magistrate judge explicitly warned Gowers that the failure to correct the deficiencies could result in the dismissal of the case with prejudice.

Gowers filed an amended complaint but failed to correct the deficiencies identified by the magistrate judge. The magistrate judge then issued its report and recommendation for dismissal, and the district court waited nearly a month before dismissing the amended complaint. During that time, Gowers did not request additional time to object to the magistrate's report and recommendation or seek leave to amend her complaint a second time. Gowers had clear notice of the flaws in her complaint and ample opportunity to correct them. Under these circumstances, the district

6                    Opinion of the Court                    21-14174

court did not err by dismissing Gowers's amended complaint with prejudice when it did.

### B.

We also reject Gowers's (liberally construed) argument that her amended complaint stated a facially plausible claim against PODS under either the FDCPA or the FCRA. The FDCPA protects consumers from abusive, deceptive, and unfair debt collection practices by debt collectors. See 15 U.S.C. §§ 1692(e), 1692e, 1692f. For purposes of the FDCPA, a "debt collector" is someone who "uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C.A. § 1692a.

Gowers failed to allege facts showing that PODS was a debt collector subject to liability under the FDCPA; to the contrary, the documents attached to her amended complaint indicated that PODS was the creditor for the relevant debt, and Caine & Weiner was the debt collector. See Fed. R. Civ. P. 10(c) (documents attached to a complaint become "part of the pleading for all purposes"); Gill as Next Friend of K.C.R. v. Judd, 941 F.3d 504, 511 (11th Cir. 2019) ("In deciding whether a complaint states a claim upon which relief may be granted, we normally consider all

21-14174              Opinion of the Court                    7

documents that are attached to the complaint or incorporated into it by reference.").

Gowers also failed to allege facts supporting a claim under the FCRA. The FCRA prohibits entities that furnish information to credit reporting agencies from providing information that the entity knows or has reasonable cause to believe is inaccurate and requires such entities to investigate disputed information and modify, delete, or permanently block the reporting of information that is determined to be inaccurate. 15 U.S.C. § 1681s-2; *see Hinkle v. Midland Credit Mgmt., Inc.*, 827 F.3d 1295, 1301 (11th Cir. 2016). The Act provides a private right of action against a furnishing entity that willfully or negligently fails to investigate and correct inaccurate information as provided in the Act after receiving notice of a consumer's dispute from a credit reporting agency. 15 U.S.C. §§ 1681s-2(b)(1), 1681n, 1681*o*; *see id.* § 1681i.

Gowers's amended complaint did not allege that PODS furnished information about her debt to a credit reporting agency, that she informed a credit reporting agency that the debt was disputed, or that a credit reporting agency notified PODS of the dispute and it failed to respond as required by the FCRA. Again, the documents attached to Gowers's complaint indicate that Caine & Weiner, not PODS, furnished the information about Gowers's debt, and that once Caine & Weiner received notice of Gowers's CFPB complaint, it corrected its reporting.

## IV.

The court informed Gowers of the deficiencies in her complaint and gave her ample opportunity to correct those deficiencies and to object to the magistrate judge's report and recommendation before it dismissed her amended complaint with prejudice. The court did not err, let alone plainly err, in concluding that Gowers's amended complaint failed to state a claim under § 1915(e)(2)(B), or in dismissing the case on that ground. We therefore affirm.

**AFFIRMED.**